```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STANISLAV VANDENKO,                           :
                                              :
                            Petitioner,       :
                                              :
        -against-                             :
                                              :
WILLIAM LEE, SUPERINTENDENT                   :
                                              :
                            Respondent.       :
------------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 23 2010
P.M.
TIME A.M.

MEMORANDUM & ORDER

10-CV-3208 (ENV)

**VITALIANO, D.J.**

On July 9, 2010, *pro se* petitioner Stanislav Vandenko filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As set forth in the petition, Vandenko was convicted of second degree murder and other charges in Supreme Court, Kings County in 2006, and was sentenced to an indeterminate prison term of 22 years to life. Petitioner assigned error in Supreme Court's refusal to charge the jury on the "lesser included offense of first-degree manslaughter," contending that this both deprived him of due process and "polluted the fact-finding process." (Pet. at 3-4.) Petitioner further requested an evidentiary hearing to "consider the quantum of evidence of intoxication and physical conduct," which he argued were "factual matters unexplored that raise [sic] to the level of actual innocence." (Id. at 6.)

Also embedded in the petition was a motion for a stay and abeyance to address "unresolved, unexhaust[ed] claims." (Id. at 4.) As the purported unexhausted claims were not specified, respondent contended that petitioner failed to meet the requirements for a stay and instead should be permitted to choose whether to proceed on the current petition with the one claim it states, or to withdraw the petition and re-file after exhausting all of his claims. Respondent further noted that the statute of limitations on petitioner's habeas petition had yet to run, and that "any time [he] spends exhausting his unexhausted claims on state collateral review



1

will toll the statute of limitations." (Dkt. #3.)

In light of the ambiguity of petitioner's request, on July 26, 2010, the Court vacated its initial Order to Show Cause and directed petitioner to clarify his request by describing both the nature of his unexhausted remedies and the status of any pending state court proceedings. (Dkt. #4.) That same day, petitioner wrote a letter to the Court explaining that he is a 74 year old Russian immigrant who had the aid of an interpreter at his arraignment, trial, and direct appeal, and that "[t]his should be taken into consideration to aid this Court in rendering its decision." Petitioner argued that respondent presented "no cognizable reason why [he] should not be entitled to stay his habeas petition for a fuller statement with respect to the propriety of a substantive encroachment of a recognized federal right . . . ." Petitioner also referenced, without elaboration, a "challenge to the prosecutor's summation," a "curative instruction issued by the trial court requir[ing] fuller exploration beyond the scope of the record," and a claim of "actual innocence." (Dkt. #5.) Finally, petitioner attached a handwritten letter to the Court in Russian, which the Court understands to recount his version of the events that led to his murder conviction, profess his innocence, and editorialize on local politics.[1]

More significantly, none of petitioner's filings address the concerns identified in the Court's July 26 Order. Although petitioner directly appealed his conviction to the Second Department based on the refusal of the trial court to instruct on manslaughter, People v. Vandenko, 70 A.D.3d 733, 892 N.Y.S.2d 866 (2nd Dep't 2010), and was denied leave to appeal that same issue to the New York Court of Appeals in April of this year, People v. Vandenko, 14

---

[1] Petitioner subsequently filed a letter dated August 6, 2010, purportedly from a Michael McCollough, who claims to be "caretaker for Mr. Vandenko to oversee his best interest" at the correctional facility, with "permission to familiarize [him]self with the case and respond accordingly." McCollough, citing to petitioner's language difficulties and "equal protection" concerns, contended that the Court was "trigger[ed] . . . to act within its discretion to appoint counsel as stewardship." (Dkt. #6.) The alleged "permission" notwithstanding, McCullough lacks authority to make a motion on behalf of petitioner, and the Court accords the letter no weight. Furthermore, petitioner is cautioned that his communications with the Court must be in English.

2

N.Y.3d 845, 901 N.Y.S.2d 151, 927 N.E.2d 572 (2010), the Court is still unaware of any other claims that petitioner is pursuing or intends to pursue collaterally in the New York courts. In short, the Court cannot determine whether this is a "mixed petition" containing both exhausted and unexhausted claims.

Nonetheless, since there is no information to the contrary, the Court does not foreclose the possibility that petitioner intended to present a mixed petition and will pursue collateral review of his convictions in state court. Therefore, in light of petitioner's *pro se* prisoner status and also respondent's concession that the statute of limitations has not yet run, the Court is wary of dismissing the petition without prejudice and forcing petitioner to re-file in order to maintain even the exhausted claim advanced in the current petition. See Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005) ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.") Rather, the Court grants a temporary stay of the proceedings until **December 31, 2010**. By that date, petitioner must either amend the petition to clearly incorporate additional theories of habeas relief and explain their current status as requested in the July 26 Order, or notify the Court that he is withdrawing his habeas petition to pursue all exhausted claims at a later date. If petitioner fails to do either by that date, the Court will issue a new Order to Show Cause so that briefing may commence on the existing petition.

**SO ORDERED.**

Dated: Brooklyn, New York
      September 22, 2010

ERIC N. VITALIANO
United States District Judge