FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 03 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STANISLAV VANDENKO,

                         Petitioner,

     -against-

WILLIAM LEE, SUPERINTENDENT,

                        Respondent.
-------------------------------------------------------------x

MEMORANDUM & ORDER

10-CV-3208 (ENV)

**VITALIANO, D.J.**

On July 9, 2010, Stanislav Vandenko filed a petition *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Embedded in the petition was a motion for a stay and abeyance to address unexhausted claims in state court. On January 12, 2011, the Court denied the motion, but extended a temporary stay of proceedings it had granted pending resolution of the motion until March 31, 2011, to allow petitioner time to commence post-conviction proceedings in state court, if he had not already done so. On April 15, 2011, the Court dismissed the petition without prejudice. Petitioner has now moved the Court to reconsider the dismissal.

Petitioner's reference to *Wall v. Kholi*, 131 S. Ct. 1278 (2011)—in which the Supreme Court determined that a motion to reduce sentence filed in state court served to toll the one-year statute of limitations to file a petition for federal habeas relief—suggests that he does not understand the effect of this Court's April 15th order. Petitioner's federal habeas petition has been dismissed <u>without prejudice</u>. That is to say, once petitioner has concluded proceedings in state court, he may refile his federal habeas petition, amended to include the additional claims that he will by then have exhausted in state court.

Petitioner is once again advised, however, that the one-year period of limitation to

petition for a writ of habeas corpus is tolled only while post-conviction proceedings in state court remain pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Once state court proceedings have been concluded, the federal clock will resume ticking. If petitioner then wishes to refile his habeas petition, he must do so in timely fashion.

The motion for reconsideration accordingly is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
April 21, 2011

ERIC N. VITALIANO
United States District Judge